IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2:13-cv-00015-NT |
| | ) | |
| RUDY FERRANTE, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CONSENT ORDER</u>

### I. INTRODUCTION

1. This action was filed by the United States to enforce the provisions of Title
   VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the
   Fair Housing Amendments of 1988, 42 U.S.C. §§ 3601–3631. The United
   States alleges that Rudy Ferrante engaged in discrimination on the basis of
   sex in violation of 42 U.S.C. §§ 3604(a), (b), (c), and 3617. The United States
   alleges that Ferrante's conduct constitutes a pattern or practice of
   discrimination on the basis of sex or a denial of rights to a group of persons
   that raises an issue of general public importance, pursuant to 42 U.S.C. §
   3614, in the rental of dwelling units in and around Portland, Maine.

2. Specifically, the United States alleges that Ferrante has engaged in housing
   practices that discriminate on the basis of sex, including:

   a. Engaging in quid pro quo sexual harassment by conditioning or

offering to exchange housing benefits, such as reduced rent and acceptance of rental payments, on the provision of sexual favors;

b. Engaging in quid pro quo sexual harassment by taking adverse action against female tenants, including but not limited to evicting or relocating female tenants when they objected to sexual advances or sexual conduct;

c. Discriminating on the basis of sex including severe, pervasive, and unwelcome sexual harassment; and

d. Interfering with tenants' exercise and enjoyment of their tenancies through sexual harassment and other coercing, threatening, and intimidating tactics.

3. The United States alleges that through this conduct, Ferrante has:

a. Discriminated by making unavailable or denying dwellings to persons because of sex, in violation of 42 U.S.C. § 3604(a);

b. Discriminated against persons in the terms, conditions, or privileges of rental, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

c. Discriminated by making, or causing to be made, statements with respect to the rental of a dwelling that indicate a preference, a limitation, or discrimination based on sex, in violation of 42 U.S.C. § 3604(c);

- 2 -

     d.  Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

4.  The United States and Ferrante ("the parties") have agreed that in order to avoid protracted and costly litigation, this controversy should be resolved without a trial. Therefore, the parties consent to the entry of this Consent Decree. Ferrante denies the United States' allegations against him.

**ACCORDINGLY, it is hereby ADJUDGED, ORDERED and DECREED:**

## II. GENERAL INJUNCTION

5.  Ferrante, his agents, and employees are enjoined, with respect to the rental of dwellings, from:

     a.  Refusing to rent a dwelling unit, refusing or failing to provide or offer information about a dwelling unit, or otherwise making unavailable or denying a dwelling unit to any person because of sex;

     b.  Discriminating against any person in the terms, conditions or privileges of renting a dwelling unit, or in the provision of services or facilities in connection therewith, because of sex;

     c.  Making, printing, publishing, or causing to be made, printed, or published any

notice, statement, or advertisement with respect to the rental of a

dwelling unit that states any preference, limitation or discrimination based on sex; or

d.  Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided and encouraged any other person in the exercise or enjoyment of, any right granted by the Fair Housing Act.

### III. NON-DISCRIMINATION POLICIES AND PROCEDURES

6.  Ferrante's responsibilities under this Order shall apply to each and every dwelling unit in which he has an ownership, management, or other financial interest at any time during the pendency of this Order. A current list of such units has been provided to the United States.

7.  Ferrante shall prepare and implement the written Nondiscrimination Policy contained in Attachment A (hereinafter "Nondiscrimination Policy"). Within (30) days of the date of this Order, Ferrante shall provide the Nondiscrimination Policy via first class mail postage pre-paid to the head of the household for each rental unit on the list that has been provided to the United States pursuant to paragraph 6.

8.  Within thirty (30) days of the date of this Order, Ferrante shall take the following steps to notify the public of his non-discrimination policies:

a.  Ferrante shall prominently post in each public and common use area of

each property (including but not limited to the stairwells and laundry areas) a fair housing poster (HUD Form 928.1) no smaller than ten (10) inches by fourteen (14) inches that indicates that all apartments are available for rent on a non-discriminatory basis.

b.  Ferrante shall include the words "Equal Housing Opportunity" and the fair housing logo in any advertising that he, his agents, or his employees conducts. The words and logo shall be prominently placed and easily readable. For purposes of this Order, "advertising" shall include any statement made for the purpose of soliciting the rental of a dwelling, whether paid or unpaid, in newspapers, telephone directories, on the Internet, radio or television or other media broadcasts, or on billboards, signs, pamphlets, fliers, handouts, promotional literature, or any other written materials. Ferrante is not required to advertise in any of these media; however, should Ferrante so advertise, he must comply with this provision.

c.  Ferrante shall either provide the following written statement to rental applicants or include this statement in the standard rental application and rental agreement, if any: "We are an equal housing opportunity provider. We do not discriminate on the basis of race, color, sex, national origin, religion, disability or familial status, including having children under age 18."  If included in the rental application and rental

agreement, this statement shall be written using letters of equal or greater size to those used for the text of the body of the document.

9. If any owner of a property that Ferrante manages refuses to allow Ferrante to comply with the requirements of Paragraph 8, Ferrante shall either request a written statement of refusal from the owner or produce a sworn affidavit that explains his efforts to comply with paragraph 8, and submit either the owner's statement or the sworn affidavit to the United States.

10. Within thirty (30) days of the date of this Order, Ferrante shall provide a copy of this Order and the Nondiscrimination Policy referred to in Paragraph 7, above, to any agents, employees or other individuals involved in showing, renting or managing any dwellings subject to this Order.  Ferrante shall secure a signed statement from each agent or employee acknowledging that he or she has received and read the Order and Nondiscrimination Policy, has had the opportunity to have questions answered, and agrees to abide by the relevant provisions of this Order and the Nondiscrimination Policy. This statement shall be in the form of <u>Attachment B</u>.  Ferrante shall also provide a copy of this Order to any owner or agent of multifamily dwelling units on whose behalf Ferrante manages units, and shall submit a sworn statement stating the name of each owner or agent and the date a copy of this Order was provided.

11. During the term of this Order, within five (5) days after each new agent, employee or individual becomes involved in the showing, rental or management of any dwelling unit subject to this Order, Ferrante shall provide this individual with a copy of this Order and the Non-discrimination Policy and shall secure the same signed statement, in the form of <u>Attachment B</u>, from each agent or employee.

## IV. MANDATORY TRAINING

12. Within sixty (60) days of the date of this Order, Ferrante shall attend an in-person training on the Fair Housing Act, including but not limited to the Act's provisions related to sexual harassment. The trainer or training entity shall be qualified to perform such training, independent of Ferrante and his counsel, and approved in advance by the United States. Ferrante shall bear the cost of any expenses associated with this training. Ferrante shall obtain from the trainer or training entity certificates of attendance signed by each individual who attended the training. The certificates shall be in the form of <u>Attachment C</u>.

## V. REPORTING AND DOCUMENT RETENTION REQUIREMENTS

13. Within sixty (60) days of the date of this Order, and every twelve (12) months thereafter for the duration of this Order, Ferrante shall deliver to counsel for the United States a report containing information regarding Ferrante's

compliance with this Order during the preceding reporting period, including but not limited to:

    a.  A copy of the Non-Discrimination Policy under Paragraph 7;

    b.  Current photographs of fair housing notices posted under Paragraph 8(a);

    c.  Copies of any advertising, as defined in Paragraph 8(b);

    d.  A copy of the written statement or rental application and rental agreement required under Paragraph 8(c);

    e.  Any signed statements or sworn affidavits as required under Paragraph 9;

    f.  Any statements under Paragraphs 10 and 11;

    g.  Certificates of attendance of fair housing training, pursuant to Paragraph 12.

    h.  A list of all properties in which Ferrante has a current ownership, management, or financial interest.[1]

14. During the term of this Order, Ferrante shall preserve all records that are the source of, contain, or relate to any information that is pertinent to Ferrante's obligations under this Order, including any records required under

---

[1] All documents or other communications required by this Consent Order to be sent to the United States shall be sent by commercial (non-USPS) overnight delivery service addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, U.S. Department of Justice, 1800 G Street, N.W., Suite 7002, Washington, D.C. 20006, Attn: DJ 175-34-30, or as otherwise directed by the United States. If transmission by facsimile to the United States is required, the following facsimile number should be used: (202) 514-1116.

this Order and rental applications, leases, rental roll ledgers and tenant correspondence, if any, as well as any records relating to the transfer of interest in dwelling units. Upon reasonable notice to Ferrante, representatives of the United States shall be permitted to inspect and copy all such records at any and all reasonable times or, upon request by the United States, Ferrante shall provide copies of such documents.

15. During the term of this Order, Ferrante shall notify counsel for the United States in writing within fifteen (15) days of receipt of any written or oral complaint against Ferrante or any of his agents or employees, regarding housing discrimination, including intimidation or retaliation. If the complaint is written, Ferrante shall provide a copy of it with the notification. The notification shall include the full details of the complaint, including the complainant's name, address and telephone number, if known. Ferrante shall also promptly provide counsel for the United States with all information it may request concerning any such complaint and shall inform the United States within fifteen (15) days of the substance of any resolution of such complaint.

## VI. CIVIL PENALTY

16. The entry of this Consent Order constitutes the entry of a civil judgment against Ferrante for a total of fifteen thousand dollars ($15,000), exclusive of post-judgment interest at the legal rate, and is a civil penalty pursuant to 42

U.S.C. § 3614(d)(1)(C) and 28 C.F.R. § 85.3(b)(3) to vindicate the public

interest. This civil penalty is a debt for a fine, penalty, or forfeiture payable

to and for the benefit of the United States and is not compensation for actual

pecuniary loss.

17. Within forty-five (45) days after the entry of this Consent Order, Ferrante

shall make a payment of five hundred dollars ($500) to the United States to

partially satisfy the judgment imposed by paragraph 16. The payment shall

be in the form of an electronic funds transfer pursuant to written instructions

provided by the United States. The United States is agreeing to this partial

payment because of Ferrante's inability to pay, as attested to in the

Individual Financial Disclosure Statement that was signed by Ferrante on

October 31, 2012, in the form of <u>Attachment D</u>.

18. In light of Ferrante's representations in connection with the Individual

Financial Disclosure Statement, fourteen thousand, five hundred dollars

($14,500) of the judgment imposed by paragraph 16 will be suspended

("Suspended Judgment"). Any assets owned by Ferrante, whether in whole or

in part, which are not disclosed or the value or status of which is

misrepresented on the Individual Financial Disclosure Statement, will be

available to satisfy the Suspended Judgment.

19. The United States may act to collect all or part of the amount of the

Suspended Judgment, including by conducting discovery designed to identify

and locate assets not identified on the Individual Financial Disclosure
Statement. Ferrante shall not oppose any such efforts. Upon discovery of any
asset in which Ferrante has an interest that was not disclosed in the
Individual Financial Disclosure Statement, or a misrepresentation by
Ferrante on the Individual Financial Disclosure Statement, the United
States may apply to the Court for an order to enforce the judgment in
paragraph 16. Ferrante agrees not to contest the United States' right to such
asset(s).

20. Ferrante shall not seek to discharge any part of this civil penalty in
bankruptcy.

## VII. ACQUISITION OF DWELLING UNITS

21. The provisions of this Consent Order shall apply to all of Ferrante's agents
and employees.

22. If, at any time during the term of this Order, Ferrante acquires a direct or
indirect ownership, management or other financial interest in any other
rental dwelling unit (other than units occupied by Ferrante), such unit shall
become subject to this Order. Within thirty (30) days of acquiring such an
interest, Ferrante shall notify counsel for the United States of the nature of
the interest in the dwelling or property and the address of the property.
Ferrante shall further provide a copy of the documents memorializing the
transfer in interest and a copy of the lease(s) for any existing tenant(s).

## VIII. SCOPE, DURATION, AND REMEDIES FOR NON-COMPLIANCE

23. This Consent Order shall remain in effect for four (4) years after the date of its entry. The United States may move to extend the duration of the Consent Order in the interests of justice.

24. The Court shall retain jurisdiction for the duration of this Consent Order to enforce its terms, after which time the case shall be dismissed with prejudice.

25. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by Ferrante, whether willful or otherwise, to perform in a timely manner any act required by this Order or otherwise to comply with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an Order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorneys' fees which may have been occasioned by Ferrante's violation or failure to perform.

26. The parties agree that in the event that Ferrante engages in any future violation of the Fair Housing Act, such violation shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d).

## IX.  TIME FOR PERFORMANCE

27.  Any time limits for performance imposed by this Consent Order may be extended by mutual written agreement of the parties. The other provisions of this Consent Order may be modified by written agreement of the parties or by motion to the Court. If the modification is by written agreement of the parties, then such modification will be effective upon filing of the written agreement with the Court, and shall remain in effect for the duration of the Consent Order or until such time as the Court indicates through written order that it has not approved the modification.

## X. EFFECT ON LITIGATION HOLDS

28. The parties agree that, as of the date of entry of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described herein. To the extent that any party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in this Consent Order, the party is no longer required to maintain such a litigation hold.

## XI. COSTS AND ATTORNEYS' FEES

The parties will bear their own costs and attorneys' fees associated with this

litigation.

**IT IS SO ORDERED**

Dated this 8th day April, 2013.

/s/ Nancy Torresen
NANCY TORRESEN
UNITED STATES DISTRICT JUDGE

- 14 -

By their signatures below, the parties consent to the entry of this Consent Order:


Dated:

**For the United States:**

THOMAS E. DELAHANTY II                     THOMAS E. PEREZ
United States Attorney                     Assistant Attorney General
                                           Civil Rights Division


                                           STEVEN H. ROSENBAUM
                                           Chief, Housing and Civil Enforcement
                                           Section
                                           Civil Rights Division


_____          _____
HALSEY FRANK                               REBECCA B. BOND
Assistant United States Attorney               Deputy Chief
100 Middle Street, East Tower, 6th Floor       NETA BORSHANSKY
Portland, ME 04101                             SARA NILES
Phone: (207) 945-0373                      Trial Attorneys
Fax: (207) 945-0319                            Housing and Civil Enforcement
Section

                                           Civil Rights Division
                                           U.S. Department of Justice
                                           950 Pennsylvania Avenue NW
                                           Northwestern Building, 7th Floor
                                           Washington, D.C. 20530
                                           Phone:  (202) 353-0261
                                           Fax:  (202) 514-1116
                                           Email: Neta.Borshansky@usdoj.gov

- 15 -

**For Defendant:**

_____
RUDY FERRANTE

17