IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:13-cv-00015-NT |
| ) | |
| RUDY FERRANTE, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## AMENDED CONSENT ORDER

### I. INTRODUCTION

1. This action was filed by the United States to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments of 1988, 42 U.S.C. §§ 3601–3631. The United States alleges that Rudy Ferrante engaged in discrimination on the basis of sex in violation of 42 U.S.C. §§ 3604(a), (b), (c), and 3617. The United States alleges that Ferrante's conduct constitutes a pattern or practice of discrimination on the basis of sex or a denial of rights to a group of persons that raises an issue of general public importance, pursuant to 42 U.S.C. § 3614, in the rental of dwelling units in and around Portland, Maine.

2. Specifically, the United States alleges that Ferrante has engaged in housing practices that discriminate on the basis of sex, including:

    a. Engaging in quid pro quo sexual harassment by conditioning or offering to

      exchange housing benefits, such as reduced rent and acceptance of rental payments, on the provision of sexual favors;

  b. Engaging in quid pro quo sexual harassment by taking adverse action against female tenants, including but not limited to evicting or relocating female tenants when they objected to sexual advances or sexual conduct;

  c. Discriminating on the basis of sex including severe, pervasive, and unwelcome sexual harassment; and

  d. Interfering with tenants' exercise and enjoyment of their tenancies through sexual harassment and other coercing, threatening, and intimidating tactics.

3. The United States alleges that through this conduct, Ferrante has:

  a. Discriminated by making unavailable or denying dwellings to persons because of sex, in violation of 42 U.S.C. § 3604(a);

  b. Discriminated against persons in the terms, conditions, or privileges of rental, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

  c. Discriminated by making, or causing to be made, statements with respect to the rental of a dwelling that indicate a preference, a limitation, or discrimination based on sex, in violation of 42 U.S.C. § 3604(c);

  d. Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

4. The United States and Ferrante ("the parties") have agreed that in order to avoid

protracted and costly litigation, this controversy should be resolved without a trial. Therefore, the parties consent to the entry of this Consent Decree. Ferrante denies the United States' allegations against him.

**ACCORDINGLY, it is hereby ADJUDGED, ORDERED and DECREED:**

## II. GENERAL INJUNCTION

5. Ferrante, his agents, and employees are enjoined, with respect to the rental of dwellings, from:

    a. Refusing to rent a dwelling unit, refusing or failing to provide or offer information about a dwelling unit, or otherwise making unavailable or denying a dwelling unit to any person because of sex;

    b. Discriminating against any person in the terms, conditions or privileges of renting a dwelling unit, or in the provision of services or facilities in connection therewith, because of sex;

    c. Making, printing, publishing, or causing to be made, printed, or published any notice, statement, or advertisement with respect to the rental of a dwelling unit that states any preference, limitation or discrimination based on sex; or

    d. Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided and encouraged any other person in the exercise or enjoyment of, any right granted by the Fair Housing Act.

## III. NON-DISCRIMINATION POLICIES AND PROCEDURES

6. Ferrante's responsibilities under this Order shall apply to each and every dwelling unit in which he has an ownership, management, or other financial interest at any time during the pendency of this Order. A current list of such units has been provided to the United States.

7. Ferrante shall prepare and implement the written Nondiscrimination Policy contained in <u>Attachment A</u> (hereinafter "Nondiscrimination Policy"). Within (30) days of the date of this Order, Ferrante shall provide the Nondiscrimination Policy via first class mail postage pre-paid to the head of the household for each rental unit on the list that has been provided to the United States pursuant to paragraph 6.

8. Within thirty (30) days of the date of this Order, Ferrante shall take the following steps to notify the public of his non-discrimination policies:

    a. Ferrante shall prominently post in each public and common use area of each property (including but not limited to the stairwells and laundry areas) a fair housing poster (HUD Form 928.1) no smaller than ten (10) inches by fourteen (14) inches that indicates that all apartments are available for rent on a non-discriminatory basis.

    b. Ferrante shall include the words "Equal Housing Opportunity" and the fair housing logo in any advertising that he, his agents, or his employees conducts. The words and logo shall be prominently placed and easily readable. For purposes of this Order, "advertising" shall include any statement made for the purpose of soliciting the rental of a dwelling, whether paid or unpaid, in newspapers, telephone directories, on the Internet, radio or television or other media

      broadcasts, or on billboards, signs, pamphlets, fliers, handouts, promotional literature, or any other written materials. Ferrante is not required to advertise in any of these media; however, should Ferrante so advertise, he must comply with this provision.

   c. Ferrante shall either provide the following written statement to rental applicants or include this statement in the standard rental application and rental agreement, if any: "We are an equal housing opportunity provider. We do not discriminate on the basis of race, color, sex, national origin, religion, disability or familial status, including having children under age 18." If included in the rental application and rental agreement, this statement shall be written using letters of equal or greater size to those used for the text of the body of the document.

9. If any owner of a property that Ferrante manages refuses to allow Ferrante to comply with the requirements of Paragraph 8, Ferrante shall either request a written statement of refusal from the owner or produce a sworn affidavit that explains his efforts to comply with paragraph 8, and submit either the owner's statement or the sworn affidavit to the United States.

10. Within thirty (30) days of the date of this Order, Ferrante shall provide a copy of this Order and the Nondiscrimination Policy referred to in Paragraph 7, above, to any agents, employees or other individuals involved in showing, renting or managing any dwellings subject to this Order. Ferrante shall secure a signed statement from each agent or employee acknowledging that he or she has received and read the Order and Nondiscrimination Policy, has had the opportunity to have questions answered, and

agrees to abide by the relevant provisions of this Order and the Nondiscrimination Policy. This statement shall be in the form of <u>Attachment B</u>. Ferrante shall also provide a copy of this Order to any owner or agent of multifamily dwelling units on whose behalf Ferrante manages units, and shall submit a sworn statement stating the name of each owner or agent and the date a copy of this Order was provided.

11. During the term of this Order, within five (5) days after each new agent, employee or individual becomes involved in the showing, rental or management of any dwelling unit subject to this Order, Ferrante shall provide this individual with a copy of this Order and the Non-discrimination Policy and shall secure the same signed statement, in the form of <u>Attachment B</u>, from each agent or employee.

### IV. MANDATORY TRAINING

12. Within sixty (60) days of the date of this Order, Ferrante shall attend an in-person training on the Fair Housing Act, including but not limited to the Act's provisions related to sexual harassment. The trainer or training entity shall be qualified to perform such training, independent of Ferrante and his counsel, and approved in advance by the United States. Ferrante shall bear the cost of any expenses associated with this training. Ferrante shall obtain from the trainer or training entity certificates of attendance signed by each individual who attended the training. The certificates shall be in the form of <u>Attachment C</u>.

### V. REPORTING AND DOCUMENT RETENTION REQUIREMENTS

13. Within sixty (60) days of the date of this Order, and every twelve (12) months thereafter for the duration of this Order, Ferrante shall deliver to counsel for the United States a

report containing information regarding Ferrante's compliance with this Order during the preceding reporting period, including but not limited to:

    a. A copy of the Non-Discrimination Policy under Paragraph 7;

    b. Current photographs of fair housing notices posted under Paragraph 8(a);

    c. Copies of any advertising, as defined in Paragraph 8(b);

    d. A copy of the written statement or rental application and rental agreement required under Paragraph 8(c);

    e. Any signed statements or sworn affidavits as required under Paragraph 9;

    f. Any statements under Paragraphs 10 and 11;

    g. Certificates of attendance of fair housing training, pursuant to Paragraph 12.

    h. A list of all properties in which Ferrante has a current ownership, management, or financial interest.[1]

14. During the term of this Order, Ferrante shall preserve all records that are the source of, contain, or relate to any information that is pertinent to Ferrante's obligations under this Order, including any records required under this Order and rental applications, leases, rental roll ledgers and tenant correspondence, if any, as well as any records relating to the transfer of interest in dwelling units. Upon reasonable notice to Ferrante, representatives of the United States shall be permitted to inspect and copy all such records at any and all

---

[1] All documents or other communications required by this Consent Order to be sent to the United States shall be sent by commercial (non-USPS) overnight delivery service addressed as follows: Chief, Housing and Civil Enforcement Section, Civil Rights Division, U.S. Department of Justice, 1800 G Street, N.W., Suite 7002, Washington, D.C. 20006, Attn: DJ 175-34-30, or as otherwise directed by the United States. If transmission by facsimile to the United States is required, the following facsimile number should be used: (202) 514-1116.

reasonable times or, upon request by the United States, Ferrante shall provide copies of such documents.

15. During the term of this Order, Ferrante shall notify counsel for the United States in writing within fifteen (15) days of receipt of any written or oral complaint against Ferrante or any of his agents or employees, regarding housing discrimination, including intimidation or retaliation. If the complaint is written, Ferrante shall provide a copy of it with the notification. The notification shall include the full details of the complaint, including the complainant's name, address and telephone number, if known. Ferrante shall also promptly provide counsel for the United States with all information it may request concerning any such complaint and shall inform the United States within fifteen (15) days of the substance of any resolution of such complaint.

## VI. CIVIL PENALTY

16. The entry of this Consent Order constitutes the entry of a civil judgment against Ferrante for a total of fifteen thousand dollars ($15,000), exclusive of post-judgment interest at the legal rate, and is a civil penalty pursuant to 42 U.S.C. § 3614(d)(1)(C) and 28 C.F.R. § 85.3(b)(3) to vindicate the public interest. This civil penalty is a debt for a fine, penalty, or forfeiture payable to and for the benefit of the United States and is not compensation for actual pecuniary loss.

17. Within forty-five (45) days after the entry of this Consent Order, Ferrante shall make a payment of five hundred dollars ($500) to the United States to partially satisfy the judgment imposed by paragraph 16. The payment shall be in the form of an electronic funds transfer pursuant to written instructions provided by the United States. The United

States is agreeing to this partial payment because of Ferrante's inability to pay, as attested to in the Individual Financial Disclosure Statement that was signed by Ferrante on October 31, 2012, in the form of <u>Attachment D</u>.

18. In light of Ferrante's representations in connection with the Individual Financial Disclosure Statement, fourteen thousand, five hundred dollars ($14,500) of the judgment imposed by paragraph 16 will be suspended ("Suspended Judgment"). Any assets owned by Ferrante, whether in whole or in part, which are not disclosed or the value or status of which is misrepresented on the Individual Financial Disclosure Statement, will be available to satisfy the Suspended Judgment.

19. The United States may act to collect all or part of the amount of the Suspended Judgment, including by conducting discovery designed to identify and locate assets not identified on the Individual Financial Disclosure Statement. Ferrante shall not oppose any such efforts. Upon discovery of any asset in which Ferrante has an interest that was not disclosed in the Individual Financial Disclosure Statement, or a misrepresentation by Ferrante on the Individual Financial Disclosure Statement, the United States may apply to the Court for an order to enforce the judgment in paragraph 16. Ferrante agrees not to contest the United States' right to such asset(s).

20. Ferrante shall not seek to discharge any part of this civil penalty in bankruptcy.

### VII. ACQUISITION OF DWELLING UNITS

21. The provisions of this Consent Order shall apply to all of Ferrante's agents and employees.

22. If, at any time during the term of this Order, Ferrante acquires a direct or indirect ownership, management or other financial interest in any other rental dwelling unit (other than units occupied by Ferrante), such unit shall become subject to this Order. Within thirty (30) days of acquiring such an interest, Ferrante shall notify counsel for the United States of the nature of the interest in the dwelling or property and the address of the property. Ferrante shall further provide a copy of the documents memorializing the transfer in interest and a copy of the lease(s) for any existing tenant(s).

### VIII. SCOPE, DURATION, AND REMEDIES FOR NON-COMPLIANCE

23. This Consent Order shall remain in effect for four (4) years after the date of its entry. The United States may move to extend the duration of the Consent Order in the interests of justice.

24. The Court shall retain jurisdiction for the duration of this Consent Order to enforce its terms, after which time the case shall be dismissed with prejudice.

25. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by Ferrante, whether willful or otherwise, to perform in a timely manner any act required by this Order or otherwise to comply with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an Order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorneys' fees which may have been occasioned by Ferrante's violation or failure to

perform.

26. The parties agree that in the event that Ferrante engages in any future violation of the Fair Housing Act, such violation shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d).

## IX. TIME FOR PERFORMANCE

27.  Any time limits for performance imposed by this Consent Order may be extended by mutual written agreement of the parties. The other provisions of this Consent Order may be modified by written agreement of the parties or by motion to the Court. If the modification is by written agreement of the parties, then such modification will be effective upon filing of the written agreement with the Court, and shall remain in effect for the duration of the Consent Order or until such time as the Court indicates through written order that it has not approved the modification.

## X. EFFECT ON LITIGATION HOLDS

28. The parties agree that, as of the date of entry of this Consent Order, litigation is not "reasonably foreseeable" concerning the matters described herein. To the extent that any party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in this Consent Order, the party is no longer required to maintain such a litigation hold.

## XI. COSTS AND ATTORNEYS' FEES

29. The parties will bear their own costs and attorneys' fees associated with this litigation.

**IT IS SO ORDERED**

Dated this 9th day of April, 2013.

                                            /s/ Nancy Torresen
                                            NANCY TORRESEN
                                            UNITED STATES DISTRICT JUDGE

By their signatures below, the parties consent to the entry of this Consent Order:

Dated: April 8, 2013

**For the United States:**

THOMAS E. DELAHANTY II  THOMAS E. PEREZ
United States Attorney  Assistant Attorney General
 Civil Rights Division


 STEVEN H. ROSENBAUM
 Chief, Housing and Civil Enforcement
 Section
 Civil Rights Division

/s/ Halsey Frank_____  /s/ Neta Borshansky_____
HALSEY FRANK  R. TAMAR HAGLER
Assistant United States Attorney  Deputy Chief
100 Middle Street, East Tower, 6th Floor  NETA BORSHANSKY
Portland, ME 04101  SARA NILES
Phone: (207) 945-0373  Trial Attorneys
Fax: (207) 945-0319  Housing and Civil Enforcement Section
 Civil Rights Division
 U.S. Department of Justice
 950 Pennsylvania Avenue NW
 Northwestern Building, 7th Floor
 Washington, D.C. 20530
 Phone: (202) 353-0261
 Fax: (202) 514-1116
 Email: Neta.Borshansky@usdoj.gov


**For Defendant:**

/s/ Rudy Ferrante_____
RUDY FERRANTE